FILED

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

2007 OCT -3  P.: 12: 45

### TAMPA DIVISION

|  |  |
|---|---|
| MIGUEL PASECO CASTILLO, individually and on behalf of all other persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) **CIVIL ACTION** |
| vs. | ) No. 8:07-CV-01804-T-26EAJ |
| N & R SERVICES OF CENTRAL FLORIDA INC. | ) **CLASS ACTION** |
| Defendant. | ) ) ) |

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,
## COSTS OF LITIGATION, AND ATTORNEY'S FEE

### PRELIMINARY STATEMENT

1.  This is an action by a migrant farmworker on behalf of himself and other similarly situated agricultural guest workers who were employed by Defendant N & R Services of Central Florida, Inc. during the 2006-07 citrus harvest season in and around Lake Wales, Hardee County, Florida. The Plaintiff and the other class members bring this action to secure and vindicate rights afforded them by the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*, the minimum wage provisions of the Florida Constitution, Art.10 § 24, and common law.

1

2. The Plaintiff and the other class members allege that Defendant N & R Services of Central Florida, Inc. (hereinafter, "N & R") failed to pay them minimum wages as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (hereinafter, "FLSA") and the minimum wage provisions of the Florida Constitution, Art.10 § 24 with regard to their employment during the 2006-07 citrus harvest season. The Plaintiff also contends that N & R breached numerous provisions of its work contract with him and the other pickers, including failing to pay wages as required both by the contract and applicable federal regulation.

3. The Plaintiff and the other class members seek money damages and declaratory relief to make them whole for damages suffered due to N & R's violations of law.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b), this action arising under FLSA; by 28 U.S.C. §1331, this action arising under the laws of the United States; by 28 U.S.C. §1337, this action arising under the Acts of Congress regulating commerce; and by 28 U.S.C. §1367, providing supplemental jurisdiction over the common law claims.

5. This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

6. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

2

8.  The Plaintiff and the other class members are citizens of Mexico and were admitted to the United States on a temporary basis pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a) to work for N & R during the 2006-07 Florida citrus harvest season.  At all times relevant to this action, the Plaintiff and the other class members were employed in the production of goods for interstate commerce, within the meaning of FLSA.

9.  N & R is a closely-held Florida corporation headquartered in Wauchula, Hardee County, Florida.  N & R harvests citrus fruit in southwest and south-central Florida for sale in interstate commerce.  At all times relevant to this action, N & R employed the Plaintiff and the other class members within the meaning of the FLSA, 29 U.S.C. § 203(g).

## CLASS ACTION ALLEGATIONS

10. All claims set forth in Counts II and III are brought by the Plaintiff on behalf of himself and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

11. The Plaintiff seeks to represent a class consisting of all H-2A workers who were employed by N & R during the 2006-07 Florida citrus harvest season.

12. The class members are so numerous and so geographically dispersed as to make joinder impracticable.  The precise number of individuals in the class is known only to N & R.  However, the class is believed to include more than 40 individuals. The class is comprised of indigent migrant agricultural workers who are citizens of Mexico.  The class members are not fluent in the English language and are unfamiliar with the American judicial system.  The relatively small size of

3

the individual claims and the indigence of the class members make the maintenance of separate actions by each class member economically infeasible.

13. There are questions of law and fact common to the class. These common legal and factual questions include whether N & R breached the terms of its clearance order by failing to pay the class members wages as mandated by their employment contracts and the federal regulations implementing the H-2A program and to pay minimum wages as required by the minimum wage provisions of the Florida Constitution.

14. The Plaintiff's claims are typical of those of the other class members and these typical, common claims predominate over any questions affecting only individual class members. The Plaintiff has the same interests as do other members of the class and will vigorously prosecute these interests on behalf of the class.

15. The Plaintiff will fairly and adequately represent the interests of the class. The Plaintiff's interests are in no way antagonistic or adverse to those of the other class members.

16. The Plaintiff's counsel are experienced in actions by H-2A workers to enforce their rights under their employment contracts and have handled numerous class actions in the federal courts. The Plaintiffs' counsel are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(b)(3).

17. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

a.  The common issues of law and fact, as well as the relatively small size of
the individual class members' claims, substantially diminish the interest of
members of the class in individually controlling the prosecution of
separate actions;

b.  Many members of the class are unaware of their rights to prosecute these
claims and lack the means or resources to secure legal assistance;

c.  There has been no litigation already commenced against N & R by the
members of the class to determine the questions presented;

d.  It is desirable that the claims be heard in this forum because N & R is
headquartered in this district and the cause of action arose in this district;
and

e.  A class action can be managed without undue difficulty because N & R
has regularly committed the violations complained of herein, and is
required to maintain detailed records concerning each member of the
class.

## STATUTORY AND REGULATORY STRUCTURE

18. An agricultural employer in the United States may import aliens to perform labor
of a temporary nature if the United States Department of Labor certifies (1) that
there are insufficient available workers within the United States to perform the
job, and (2) that the employment of aliens will not adversely affect the wages and
working conditions of similarly-employed United States workers.  8 U.S.C. §§
1101(a)(15)(H)(ii)(a) and 1188(a)(1).  Aliens admitted in this fashion are

5

commonly referred to as "H-2A workers," based on the section of the

Immigration and Nationality Act that authorizes their admission.

19. Agricultural employers seeking the admission of H-2A workers must file a

temporary labor certification application with the United States Department of

Labor. 20 C.F.R. §§ 655.101(a)(1) and (b)(1). This application must include a

job offer, commonly referred to as a "clearance order" or "job order," complying

with applicable regulations, which is used in the recruitment of both U.S. and H-

2A workers. 20 C.F.R. § 655.101(b)(1). These regulations establish the

minimum benefits, wages and working conditions which must be offered in order

to avoid adversely affecting similarly-employed United States workers. 20 C.F.R.

§§ 655.0(a)(2) and 655.102(b). Among these terms are the following:

- Payment to all workers of at least the applicable adverse effect wage

  rate for every hour or portion thereof worked during a pay period. 20

  C.F.R. §§ 655.102(b)(9)(i) and (ii). The applicable adverse effect

  wage rate for Florida during the 2006-07 citrus harvest season was

  $8.56 per hour;

- An assurance that the employer will keep accurate and adequate

  records with respect to the worker's earnings and the hours actually

  worked by the worker and the daily starting and stopping time. 20

  C.F.R. § 655.102(b)(7)(i);

- An assurance that employer would furnish to the worker each

  payday an hours and earnings statement showing the hours of work

6

offered, the hours actually worked and the piece-work units produced daily. 20 C.F.R. § 655.102(b)(8).

- An assurance that the employer would abide by the requirements of 20 C.F.R. § 653.501, including the requirements of 20 C.F.R. § 653.501(d)(4) mandating compliance with state minimum wage laws.
- Compliance with all applicable employment-related laws and regulations. 20 C.F.R. § 655.103(b).

## FACTUAL ALLEGATIONS

20. In or about December 2006, N & R applied to the United States Department of Labor for temporary labor certification for H-2A workers to be employed during the 2006-07 Florida citrus harvest season. As part of its application, N & R prepared and submitted a job offer on Agricultural and Food Processing Clearance Order Form ETA 790.

21. The temporary labor certification application and the accompanying clearance order identified N & R as a prospective employer of migrant farmworkers for the 2006-07 citrus harvest season.

22. N & R's clearance order contained a number of assurances and certifications, many required by applicable federal regulations. The clearance order included a certification, mandated by 20 C.F.R. § 653.501(d)(3), that described the actual terms and conditions of the employment being offered and contained all the material terms and conditions of the job. The clearance order also included an assurance, required by 20 C.F.R. § 653.501(d)(4), that N & R would comply with applicable state minimum wage laws. In addition, the clearance order stated that

7

the employer agreed to abide by federal regulations at 20 C.F.R. § 655.103,

including assurances that:

- Workers would be paid the applicable adverse effect wage rate of $8.56 per hour for all hours worked;

- N & R would keep and maintain accurate records with respect to the workers' earnings and hours worked;

- Workers would be furnished on or before each pay day written statements showing the hours actually worked by the worker and the worker's total earnings for the period.

23. The United States Department of Labor ultimately approved the temporary labor certification application filed by N & R for the 2006-07 Florida citrus harvest season.

24. N & R's clearance order served as the work contract between the company and its H-2A workers, including the Plaintiff and the other class members, in accordance with 20 C.F.R. § 655.102(b)(14). N & R recruited the Plaintiff and the other members of the class to be employed as H-2A workers under the terms of its clearance order.

25. The Plaintiff and the other class members traveled from their homes in Mexico to N & R's work site in Florida, where they were employed picking citrus for the company, as described in the clearance order.

26. The Plaintiff and the other members incurred pre-employment expenses primarily for the benefit of N & R, visa and passport purchases and issuance fees, expenses

for issuance of entry documents and expenses for travel from their respective homes to N & R's job site.

27. N & R compensated the Plaintiff and the other class members on a piece-rate basis for their work.  The piece rate earnings of the Plaintiff and the other class members on occasion totaled less than the amount due under the applicable adverse effect wage rate, 20 C.F.R. § 655.102(b)(9).  At times, these piece rate earnings were less than the amount due under the minimum wage provisions of FLSA, 29 U.S.C. § 206(a), and the minimum wage provisions of the Florida Constitution.

28. N & R failed to supplement the piece rate earnings of the Plaintiff and the other class members as required by the clearance order and 20 C.F.R. § 655.102(b)(9)(ii)(A), so as to ensure that these workers' pay period earnings were at least equal to the adverse effect wage rate.   This stemmed in part from N & R's failure to credit the Plaintiff and the other class members with all of the compensable hours for which they were employed.

29. N & R failed to supplement the piece rate earnings of the Plaintiff and the other class members as required by the clearance order and 29 C.F.R. § 776.5, so as to ensure that these workers' pay period earnings were at least equal to the minimum wage required by FLSA and the minimum wage provisions of the Florida Constitution.

30. N & R failed to reimburse the Plaintiff and the other class members during their first week of work for all of the pre-employment expenses each of them incurred primarily for the benefit of N & R as set out in Paragraph 26.

31. N & R failed to keep accurate records as required by 20 C.F.R. § 655.102(b)(7) with respect to the work of the Plaintiff and the other members of the class. Among other things, N & R did not accurately record, with regard to each worker, the number of hours of work offered each day, the hours actually worked each day and the time work began and ended each day.

32. N & R failed to furnish to the Plaintiff and the other class members hours and earnings statements meeting the requirements of the federal regulations, 20 C.F.R. § 655.102(b)(8). Among other things, the hours and earnings statements furnished to the Plaintiff and the other class members by N & R did not accurately reflect the hours actually worked.

## COUNT I

### (Fair Labor Standards Act)

33. This count sets forth a claim for declaratory relief and damages by the Plaintiff for N & R's violations of the minimum wage provisions of FLSA during the 2006-07 Florida citrus harvest season.

34. N & R violated the minimum wage provisions of FLSA, 29 U.S.C. § 206(a), by failing to pay the Plaintiff at least $5.15 for every compensable hour of labor he performed during every workweek during the 2006-07 Florida citrus harvest season.

35. The violations of FLSA as set out in Paragraph 34 resulted in part from N & R's failure to supplement the Plaintiff's piece-rate earnings so as to raise his pay period wages to a rate equal to or exceeding the minimum wage.

36. The violations of FLSA described in Paragraph 34 resulted in part from N & R's failure to fully reimburse the Plaintiff during his first week of work for the pre-employment expenses he incurred primarily for the benefit of N & R as set out in Paragraph 26.

37. As a consequence of N & R's FLSA violations the Plaintiff and the other class members are entitled to their unpaid minimum wages, plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b).

<u>**COUNT II**</u>

**(Minimum Wage Provisions of the Florida Constitution)**
**(Class Claims)**

38. This count sets forth a claim by the Plaintiff, on behalf of himself and the other members of the class, for damages resulting from N & R's violations of the minimum wage provisions of the Florida Constitution, Article X, §24, during the 2006-07 Florida citrus harvest season.

39. During the 2006-07 Florida citrus harvest season, N & R failed to pay the Plaintiff and the other class members in compliance with the minimum wage requirements of the Florida Constitution. Among other things, N & R failed to pay the Plaintiff and the other class members the required Florida minimum wage for each hour of compensable labor performed.

40. As a result of N & R's violations of the minimum wage provisions of the Florida Constitution as described above, the Plaintiff and the members of the class are entitled to recover the amount of their respective unpaid minimum wages and an equal amount as liquidated damages, pursuant to Art. X § 24(e) of the Florida Constitution.

## COUNT III

**(Breach of Contract)**
**(Class Claims)**

41. This count sets forth a claim by the Plaintiff, on behalf of himself and the other members of the class, for damages arising from N & R's breaches of the contracts created by its clearance order.

42. The terms and conditions of employment contained in the clearance order constituted an employment contract between N & R and the H-2A workers it employed during the 2006-07 Florida citrus harvest season, including the Plaintiff.

43. N & R breached its employment contracts with the Plaintiff and the other class members by providing terms and conditions of employment that were materially different from those described in the company's clearance order, including the following:

    a.  The workers were not paid at least the applicable adverse effect wage rate for their labor;

    b.  The workers were not paid the Florida minimum wage for each hour they were employed;

    c.  N & R failed to maintain payroll records accurately recording the hours worked by the Plaintiff and the other members of the class; and

    d.  The wage statements furnished to the workers each pay period did not accurately show the hours actually worked.

44. N & R's breaches of its employment contracts with the Plaintiff and the other class members have caused these individuals grave financial injury and other serious injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter an order:

a. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Counts II and III;

b. Declaring that N & R violated the FLSA, as set forth in Count I;

c. Declaring that N & R breached its employment contract with the Plaintiffs and the other class members as set forth in Count III;

d. Granting judgment in favor of the Plaintiff and granting judgment against N & R on the Plaintiff's FLSA claims as set forth in Count I, and awarding the Plaintiff the amount of his unpaid minimum wages and an equal amount as liquidated damages;

e. Granting judgment in favor of the Plaintiff and the other class members and against N & R on their claims under the minimum wage provisions of the Florida Constitution as set forth in Count II and awarding the Plaintiff and each of the other class members the amount of their unpaid minimum wages, along with an equal amount as liquidated damages;

f. Granting judgment in favor of the Plaintiff and the other class members and against N & R on the contract claims set forth in Count III and awarding each of the workers his actual and compensatory damages;

g.  Awarding the Plaintiff and the other class members a reasonable
attorney's fee pursuant to 29 U.S.C. § 216 and Fla. Stat. § 448.08;

h.  Awarding the Plaintiff and the other class members the costs of this
action; and

i.  Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,

Alejandro T. Reyes
Florida Bar Number 0026856
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone:    (561) 582-3021
Facsimile:    (561) 582-4884
e-mail: Alejandro@Floridalegal.Org

Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone:    (561) 582-3921
Facsimile:    (561) 582-4884
e-mail: Greg@Floridalegal.Org

Attorneys for Plaintiffs

14