UNITED STATES DISTRICT COURT
MIDDLE OF FLORIDA
TAMPA DIVISION

**MIGUEL PASECO CASTILLO,**
**individually and on behalf of**
**all other persons similarly situated,**

    Plaintiff,

Case No. 8:07-cv-1804-T-RAL-EAJ

v.

**N & R SERVICES OF CENTRAL**
**FLORIDA, INC.,**

    Defendant.
_____/

## ANSWERS AND AFFIRMATIVE DEFENSES

COMES NOW N & R Services of Central Florida, Inc. ("Defendant" or "N & R Services"), by and through its undersigned counsel and pursuant to Rule 12(a), Federal Rules of Civil Procedure, hereby responds to the Complaint brought by Miguel Paseco Castillo ("Plaintiff") in the above-referenced litigation. With respect to each separately numbered paragraph of Plaintiff's Complaint, N & R Services responds:

    1. Without knowledge and therefore denied.

    2. Denied.

    3. Without knowledge and therefore denied.

    4. It is admitted that this Court has jurisdiction over claims asserting violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, ("FLSA"). The remaining allegations of paragraph 4 are denied.

    5. Denied.

6. It is admitted that this Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, but N & R Services denies that such relief is warranted or otherwise appropriate in this case.

7. It is admitted that claims asserting federal statutory violations that allegedly occurred in Hardee County, Florida, are properly pursued in the United States District Court for the Middle District of Florida, Tampa Division. Paragraph 7 otherwise is denied.

8. Without knowledge and therefore denied.

9. It is admitted that Defendant N & R Services is a closely-held Florida corporation and that for a period of time during the 2006-2007 citrus harvest season in west central Florida, N & R Services employed Plaintiff. Paragraph 9 otherwise is denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. It is admitted that Plaintiff's counsel Gregory S. Schell has had prior experience in representing H-2A workers and in handling class actions in the federal courts. N & R Services is without knowledge as to the remaining allegations of Paragraph 16, and thus, the allegations of Paragraph 16 otherwise are denied.

17. Denied.

18. It is admitted that with certain factual showings which include demonstrating the lack of availability of domestic laborers, employers may petition the federal government's

Department of Labor to allow them employ nonimmigrant foreign workers to travel to the United States and work temporarily in agriculture under what is commonly referred to as the "H-2A Program." It is further admitted that the temporary employment of such nonimmigrant foreign workers – by design of the immigration law's H-2A Program – is premised in part upon the condition that such employment be on terms and conditions of employment that will not adversely affect the wages and working conditions of similarly-situated domestic employees. Paragraph 18 otherwise is denied.

19. It is admitted that the statements in paragraph 19 describe generally some of the requirements imposed upon users of the H-2A program during the 2006-2007 citrus harvest season in west central Florida. The allegations of paragraph 19 otherwise are denied.

20. It is admitted that N & R Services applied for certification to employ temporary foreign workers through the H-2A program during the 2006-2007 citrus harvest season in west central Florida. The allegations of Paragraph 20 otherwise are denied.

21. It is admitted that the temporary labor certification and accompanying job clearance order applicable to Plaintiff's employment identified N & R Services as the prospective employer of agricultural laborers for the 2006-2007 citrus harvest season in west central Florida. The allegations of Paragraph 21 are otherwise denied.

22. It is admitted that as part of its labor certification application submitted to employ temporary foreign workers through the H-2A program during the 2006-2007 citrus harvest season in west central Florida, N & R Services prepared and submitted a clearance order to the United States Department of Labor which contained certain terms that are required to be included therein by applicable federal law and regulations. The allegations of Paragraph 22 otherwise are denied.

23. It is admitted that the United States Department of Labor ultimately approved the temporary labor certification requested by N & R Services consistent with the temporary agricultural labor needs described in its clearance order submitted for the 2006-2007 citrus harvest season in west central Florida. Paragraph 23 otherwise is denied.

24. It is admitted that the terms and conditions of employment as described in N & R Services' clearance order for the 2006-2007 citrus harvest season constituted an offer for temporary employment that was accepted by certain persons, including Plaintiff, during the 2006-2007 citrus harvest season. The allegations of paragraph 24 otherwise are denied.

25. It is admitted that the Plaintiff traveled to west central Florida from Mexico during certain times prior to commencing work pursuant to his H-2A visa and that after arriving and receiving certain training and instructions from N & R Services, Plaintiff commenced work picking oranges during either the 2006-2007 citrus harvest season. The allegations of Paragraph 25 otherwise are denied.

26. Without knowledge and therefore denied.

27. It is admitted that N & R Services compensated Plaintiff on a piece-rate basis for harvesting work, while guaranteeing that Plaintiff would receive the applicable adverse effect wage rate for all hours worked. The allegations of Paragraph 27 otherwise are denied.

28. Denied.

29. Denied.

30. It is admitted that N & R Services did not reimburse Plaintiff for those pre-employment expenses referenced in Paragraph 26 of Plaintiff's Complaint during his first week of employment for N & R services during the 2006-2007 citrus harvest season. The allegations of Paragraph 30 are otherwise denied.

31.	Denied.

32.	Denied.

33.	Without knowledge and therefore denied.

34.	Denied.

35.	Denied.

36.	Denied.

37.	Denied.

38.	Without knowledge and therefore denied.

39.	Denied.

40.	Denied.

41.	Without knowledge and therefore denied.

42.	It is admitted that once accepted by Plaintiff, the terms and conditions of employment as set forth in the clearance orders for the 2006-2007 citrus harvest season constituted an enforceable employment contract between Plaintiff and N & R Services. The allegations of Paragraph 42 otherwise are denied.

43.	Denied.

44.	Without knowledge and therefore denied.

## **FIRST AFFIRMATIVE DEFENSE**

At all times relevant, N & R Services sought to comply in good faith with all applicable provisions of the FLSA and its corresponding regulations. Accordingly, Plaintiff is not entitled to liquidated damages for alleged FLSA violations, if any are proven to have occurred, during the 2006-2007 citrus harvest season. 29 U.S.C. §260.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction, as N & R Services has completely and fully performed its contractual obligations to Plaintiff under the applicable job clearance order pertaining to the 2006-2007 citrus harvest season.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to work through completion of fifty percent of the term of temporary employment as described in his job clearance order with N & R Services.  Therefore, N & R Services has no obligation to pay Plaintiff for pre-employment expenses that he claims are due as described in Paragraphs 26 and 30 of his Complaint in this litigation.

## FOURTH AFFIRMATIVE DEFENSE

N & R Services submits that the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims as asserted in Counts II and III of his Complaint, as such state law claims will predominate over Plaintiff's federal claim and raise novel issues under Florida's Minimum Wage Act law.

## FIFTH AFFIRMATIVE DEFENSE

At no time prior to the institution of this lawsuit did the Plaintiff complain or otherwise communicate any concern about the terms and conditions of his employment at N & R Services, nor did Plaintiff ever complain that he was not earning minimum wage for hours actually worked or that he was being deprived of any expected benefit of his employment with N & R Services.

## **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims in this litigation under the Florida Minimum Wage Act as asserted in Count II of his Complaint should be dismissed, as Plaintiff has failed to comply with necessary conditions precedent for the filing of such a claim under Florida law.

## **JURY TRIAL DEMAND**

Defendant N & R Services hereby demands a trial by jury as to Plaintiff's claims for minimum wage under federal and state law, and for breach of contract under state law.

DATED: November 1, 2007                              Respectfully submitted,

                                                                        s/ **David J. Stefany**
                                                                        David J. Stefany
                                                                        Florida Bar No. 438995
                                                                        Attorney for Defendant N & R Services
                                                                        of Central Florida, Inc.
                                                                        ALLEN NORTON & BLUE, P.A.
                                                                        324 S. Hyde Park Avenue, Suite 225
                                                                        Tampa, Florida 33606-4127
                                                                        Telephone: (813) 251-1210
                                                                        Fax: (813) 253-2006
                                                                        E-mail: dstefany@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2007, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Florida by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

> Gregory S. Schell, Esquire
> Alejandro T. Reyes, Esquire
> Migrant Farmworker Justice Project
> 508 Lucerne Avenue, Lake Worth, Florida 33460-3819

**s/ David J. Stefany**
Attorney